IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PATRICK PAYNE and JOYCE PAYNE,
individually and o/b/o KEVIN PAYNE,

        Plaintiffs

vs.                                        CASE NO.:

RIVERWOOD BY DEL WEBB COMMUNITY
ASSOCIATION, INC., a Florida Not For Profit
Corporation.

        Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW**, the Plaintiffs, **PATRICK PAYNE and JOYCE PAYNE**, individually and on behalf of **KEVIN PAYNE,** by and through undersigned counsel, and for his Complaint against the Defendants would state as follows:

### JURISDICTION AND VENUE

1.      This Court has original jurisdiction over the action pursuant to 28.U.S.C. Sec. 1331 and 1343 for Plaintiff's claims arising under the Fair Housing Act ("FHA"), 42 U.S.C. 3601 AND 28 U.S.C. Sec. 1331.

2.      Venue is proper in the Middle District of Florida, under 28 U.S.C. Sec. 1391(b) because the claim arose in this judicial district.

### PARTIES

3.      The Plaintiff, **PATRICK PAYNE**, is a resident of St. Johns County, Florida and is otherwise *sui juris*. He is the father and natural guardian of **KEVIN PAYNE**.

4. The Plaintiff, **JOYCE PAYNE**, is a resident of St. Johns County, Florida and is otherwise *sui juris*. She is the mother and natural guardian of **KEVIN PAYNE**

5. The Plaintiff, **KEVIN PAYNE,** is a qualified person with a disability by virtue of his numerous medical conditions and diagnosis of Autism Spectrum and is therefore a qualified person with a disability pursuant to the definitions of disability under the Fair Housing Amendments Act of 1988.

6. The Defendant, **RIVERWOOD BY DEL WEBB COMMUNITY ASSOCIATION, INC.,** is a Florida Not For Profit Corporation licensed and doing business in St. Johns County, Florida.

7. The Defendant, **RIVERWOOD BY DEL WEBB COMMUNITY ASSOCIATION**, is a Florida community association which functions in accordance with provisions of Chapter 720 Florida Statutes, all applicable county ordinances, state statutes and Federal Laws and regulations.

8. The Defendant, **RIVERWOOD BY DEL WEBB COMMUNITY ASSOCIATION,** is responsible for the management of the residential portion of the Del Webb Ponte Vedra Residential Community.

## SUMMARY OF THE FACTS

9. In 2014, the Plaintiffs moved into to the Del Webb Ponte Vedra Community in relevant part because of its active retirement lifestyle and all the amenities that were provided therein.

10. The Plaintiffs purchased the home within the Del Webb Ponte Vedra Community located at 13 Garden Grove Court, Ponte Vedra, Fl. 32081.

11. At all material times hereto, the Plaintiffs' son, **KEVIN PAYNE**, resided at the aforementioned residence.

12. After moving into the aforementioned residence, the Plaintiffs became actively involved in many of the activities offered within the community, to wit, the Performing Arts Club, the Riverwood Poker Club, the Dinner Club, the Musicians Forum, the Women's and Men's Club, the Riverwood Chorus, the Nine and Dine Golf Interest Group, the Bingo Club, the Softball Interest Group and Trivia Night.

13. On or about January 2016, the Plaintiffs started to receive complaints from the Community Association Manager regarding their son, Kevin Payne.

14. The Community Association Manager of the Defendant, Mr. Scott Jefferson, advised the Plaintiffs' that their son, Kevin Payne, has acted in an unsafe, threatening, abusive manner toward himself and toward others.

15. On January 3, 2016, the Plaintiffs were advised by the Community Association Manager that their son, Kevin Payne, was observed inhaling through his nose a powdery substance from a broken glass vile at the indoor spa.

16. On December 23, 2016, the Plaintiffs were advised by the Community Association Manager that their son, Kevin Payne, was threatening, abusive and profane toward other members of the Poker Club.

17. On February 23, 2017, the Plaintiffs were advised by the Community Association Manager that their son, Kevin Payne, was threatening the life of a community association contractor.

18.     On February 24, 2017, the Plaintiffs were advised by the Community Association Manager that their son, Kevin Payne, was yelling at a resident who was relaxing at the outdoor pool, and kicked in the several access-control gates at the outdoor pool enclosure.

*19.*     Because of the aforementioned complaints, each of the Plaintiffs' were suspended for a period of six (6) months from utilizing any of the amenities at the Anastasia Club and other Del Webb Ponte Vedra amenities contained within the community.

*20.*     The aforementioned suspension was based upon purported violations of the Defendant's Homeowners Association Rules and Regulations 7.2 "Residents Code of Conduct and Discipline" which provides, inter alia, that "Residents shall not be physically or verbally abuse, harass or accost any other member, resident, guest, community association employee or contractor, etc. Residents will refrain from any loud, profane, indecent or abusive language. Residents shall obey all safety rules and shall cease and desist unsafe activities." *(A copy of the Defendant's Homeowners Rules and Regulations is attached hereto as Exhibit "A").*

21.     On April 6, 2017, the Compliance Committee of the Defendant held a hearing and upheld the six (6) month suspension of the Plaintiffs' usage privileges at all amenities available in the Del Webb Ponte Vedra Community.

22.     On April 10, 2017, the Plaintiffs received written confirmation from the Defendant that their usage privileges were indeed suspended for a period of six (6) months. *(A copy of the correspondence affirming the suspension of the usage privileges is attached hereto as Exhibit "B.*

23.     All of the purported violations which were the basis of the suspension of the Plaintiffs' usage privileges were based solely on the conduct of the Plaintiff's autistic son,

Kevin Payne and serve as a discouragement of Kevin Payne and Defendant's to live within the community.

*24.*     As a direct and proximate result of the Defendant's actions as set forth herein, the Plaintiffs were denied the opportunity to participate in the community activities within the Defendant's community and were denied the quiet enjoyment of their residence located at 13 Garden Grove Court, Ponte Vedra, Fl. 32081 within the Defendant's Community.

## CONSTRUCTION OF COMMON ALLEGATIONS

24.     This Complaint should be construed as if the allegations of paragraphs 1 through 23 are realleged and incorporated into each of the counts listed below.

## COUNT 1-VIOLATION OF FEDERAL FAIR HOUSING ACT

25.     The allegations contained in the previous paragraphs are incorporated by reference.

26.     The Fair Housing Act are interpreted *in pari materia.* Both make it unlawful to refuse to make reasonable accommodations in rules, policies, practices or services when such accommodations may be necessary to afford persons with disabilities an equal opportunity to use and enjoy a dwelling.

27.     A "reasonable accommodation" is a change, exception or adjustment to a rule, policy, practice or service that may be necessary for a person with a disability to have an equal opportunity to use and enjoy a dwelling, including public and common use spaces such as the Anastasia Club and other locations where events are conducted for the residents within the community. Since rules, policies, practices and services may have a different effect on persons with disabilities that they may have on individuals without disabilities, treating persons with disabilities exactly the same as others will sometimes deny them an equal opportunity to use and enjoy a dwelling.

28. Residents of the Riverwood by Del Webb Community, such as Plaintiff, **KEVIN PAYNE**, need accommodations to enable them to participate in the common area amenities of the community that are open to all residents, and a failure to permit an accommodation is tantamount to a denial of a housing opportunity.

29. As a qualified individual with a disability, Plaintiff, **KEVIN PAYNE**, was denied the opportunity to participate in, or benefit from, the housing, aid, benefit or service due to the failure of the Defendants to allow him access to the public amenities, including the Anastasia Club and other locations owned by the Defendant.

30. The Defendant were directly involved in making the decision to deny Plaintiff **KEVIN PAYNE** the accommodations he required.

31. The Defendant failed to afford Plaintiff, **KEVIN PAYNE**, the opportunity for equal participation and benefit because of its failure to grant a reasonable accommodation because of Plaintiff, **KEVIN PAYNE'S** disability.

32. The Defendant failed to provide Plaintiff, **KEVIN PAYNE**, a reasonable accommodation that would afford him the same opportunity to access the programs and services as afforded to others due to the failure to grant accommodations to persons with disabilities.

33. The Defendant has failed to implement policies and procedures that explain how a person with a disability can request a reasonable accommodation, how such an accommodation will be processed, and how disabilities are determined.

34. In refusing to allow the access to all public amenities contained within the community, the Defendant has unilaterally decided to disregard the protected rights of Plaintiff **KEVIN PAYNE**.

35. In refusing to allow the access to all public amenities contained within the community, the Defendant has discouraged Plaintiff, **KEVIN PAYNE**, from living in the community.

36. In engaging in such conduct, the Defendant has acted intentionally or recklessly violated the Plaintiff, **KEVIN PAYNE'S,** civil rights and damaged the rights and feelings of the Plaintiff.

37. As a result of the Defendants' actions above, Plaintiff, **KEVIN PAYNE**, was not able to receive the assistance that he needed as a person with a disability, which has created much humiliation, embarrassment, emotional distress for the Plaintiff, **KEVIN PAYNE**, and a deprivation of his right to equal housing opportunities regardless of his disability.

38. As a result of the Defendants' actions above, the Plaintiffs suffer and continue to suffer irreparable loss, mental anguish and injury.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendant, as follows: That the Defendants implement policies and procedures to allow reasonable accommodations to be provided to persons with disabilities., that the Defendants compensate the Plaintiffs for all compensatory and punitive damages allowed by law, that the Defendants pay the Plaintiffs' reasonable attorney's fees and costs for prosecuting this matter and any other relief the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

,

**DATED: October 23, 20189**

/s/ Justin R. Infurna, Esq., LL.M.
**Justin R. Infurna**, Esq., LL.M
Florida Bar No.: 0084284
The Infurna Law Firm, P.A.
Attorney for Plaintiffs
121 South Orange Ave., Ste. 1500
Orlando, Florida 32801
Telephone: (800)-774-1560
Fax: (407) 386-3419
justin@infurnalaw.com